IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 20-cr-225-JKB-1 |
| **v.** | * | |
| | * | |
| **REGINALD RAYSOR** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the defendant's Emergency Motion for Temporary Pretrial Release (the "Motion") (ECF No. 32); the government's Response in Opposition to Defendant's Emergency Motion for Temporary Pretrial Release (the "Response") (ECF No. 38); and the defendant's correspondence to the Court dated February 26, 2021 (the "Reply") (ECF No. 39). The issues have been fully briefed, and no hearing is necessary. L.R. 105.6, 207. For the reasons stated below, the Motion is **DENIED**.

I.  PROCEDURAL HISTORY

On July 28, 2020, a federal grand jury returned an indictment charging the defendant with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). The defendant appeared for his initial appearance on October 2, 2020. On November 23, 2020, the defendant appeared before this Court for a detention hearing.

II.  BAIL REFORM ACT

Pretrial detention and release are governed by the Bail Reform Act ("BRA"). 18 U.S.C. §§ 3141 *et seq.* The BRA requires the Court to order the pretrial release of the person "subject to

the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B). If, however, the Court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f). On the other hand, where risk of flight is the basis of a detention order, the government must prove by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's presence at future court proceedings. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

>The Court's determination is governed by four factors:
>
>(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;
>
>(2) The weight of the evidence against the person;
>
>(3) The history and characteristics of the person, including –
>
>(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

III.  DETENTION HEARING

After hearing from the parties at the detention hearing, the Court reviewed the factors set forth in 18 U.S.C. § 3142(g) and found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  Therefore, the Court ordered that the defendant be detained pending trial.  The defendant is currently detained at the Chesapeake Detention Facility ("CDF") in Baltimore.

IV.  TEMPORARY RELEASE UNDER § 3142(i)

The defendant urges the Court to order his temporary release.  Indeed, under 18 U.S.C. § 3142(i), the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."[1]

Regarding whether the defendant has established "another compelling reason" for temporary release, the Fourth Circuit has directed the Court to

> consider in the first instance the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform Act factors, rises to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

*United States v. Creek*, No. 20-4251, Order at 1 (4th Cir. Apr. 15, 2020).

---

[1] Although the defendant asserts that "[a]ttorney-client communications have been even more difficult than earlier in the pandemic," he does not argue that temporary release is necessary for the preparation of his defense.  Motion (ECF No. 32 at 3).

3

The first factor to consider is the severity of the risk that the COVID-19 virus poses to the defendant. The defendant argues that his asthma, his daily use of marijuana since age 11, and his ethnicity (African-American) are factors that put him at risk of severe illness if he contracts COVID-19. Motion (ECF NO. 32 at 4-6). He acknowledges that he has not tested positive for COVID-19 or has been exposed to anyone who has. Further, he does not assert that he has received inadequate care while at CDF. According to the Centers for Disease Control and Prevention (the "CDC"), adults with moderate to severe asthma might be at an increased risk for severe illness from the virus that causes COVID-19. *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, Ctrs. for Disease Control & Prevention (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html/. As the government points out, however, medical records from CDF show that his asthma has been classified as "mild intermittent" and that he has received appropriate treatment. Response (ECF No. 38 at 2) (citing R. at 49).[2] Regarding the defendant's respiratory system, the medical records note: "Respiratory: No cough, no audible wheeze, respirations are regular" and "Respiratory: Normal to inspection. Lungs clear to auscultation and percussion." R. at 63, 65. The defendant does not cite to any entry in his medical records that shows his asthma to be moderate to severe or that he has not received appropriate care for it. The defendant also asserts that he is at a higher risk of severe illness if he contracts COVID-19 because his respiratory system may have been compromised by years of daily marijuana use. However, as noted above, the medical records do not reflect any significant problems with his respiratory system. Although the CDC has found that being a current or former *cigarette* smoker increases a person's risk of severe illness from COVID-19, it has not opined on whether

---

[2] "R." refers to the defendant's medical records provided by CDF.

marijuana use similarly increases a person's risk of severe illness from COVID-19. Likewise, the CDC has not opined that a person's ethnicity is a factor that might or would increase the risk of severe illness from the virus that causes COVID-19.

The risk to the defendant based on his medical conditions must now be evaluated in the context of the current COVID-19 situation at CDF. The Court acknowledges the significant increase in the number of COVID-19-positive cases at CDF in recent weeks. That is undisputed. The risk that the COVID-19 virus poses to the defendant, given the current conditions at CDF, is difficult to quantify. A group of CDF detainees recently filed a class action by which they request the Court to order the authorities at CDF, *inter alia*, to implement measures to protect them from contracting the virus and curtailing its spread within the facility. *Catchings v. Wilson*, No. 1:21-cv-00428-TSE (D. Md. filed Feb. 20, 2021). The Court has not yet addressed the merits of the plaintiffs' allegations in that case. Notwithstanding the significant increase in positive cases at CDF, the defendant has not contracted the virus and does not assert that he has been exposed to anyone who has tested positive. He has not alleged that he has suffered from any COVID-19 symptoms or has not received appropriate medical care when required. Arguably the preventive measures recently implemented at CDF have been effective to protect the defendant from contracting the disease.

Finally, under the Fourth Circuit's directive in *Creek*, the Court must address whether the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at CDF, balanced against the other BRA factors, rises to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i). The defendant has the burden to show that circumstances warranting temporary release under § 3142(i) exist. *United States v. Sanders*, 450 F. Supp. 3d 1123, 1127 (D. Kan. 2020). "The question for the

Court is whether the COVID-19 health risks to the Defendant, should he remain detained, outweigh those traditional Section 3142(g) factors *and* the COVID-19 health risk to the community that Defendant's release could occasion." *United States v. Hernandez*, No. PX-19-158-9, slip op. at 5-6 (D. Md. Apr. 29, 2020).

After hearing from the parties at the detention hearing, the Court reviewed the § 3142 (g) factors. Regarding the nature and circumstances of the offense charged, the defendant is charged with an offense involving a firearm. *See* 18 U.S.C. § 3142(g)(1). Regarding the weight of the evidence against the defendant, the Court found that the weight of the evidence against the defendant was strong. The government proffered the following facts. Shortly before May 7, 2020, law enforcement officers observed the defendant on YouTube and social media postings in possession of a firearm. On May 7, 2020, officers saw the defendant at a neighborhood cookout. The defendant was carrying a black shoulder bag. The officers saw what appeared to be the imprint of a large handgun in the bag. As the officers approached the defendant, he fled on foot. As he fled, the officers observed the defendant throw the bag toward a tree line. The defendant was apprehended, and the bag was located. Inside the bag the officer found a handgun with an extended magazine and laser sight. At the time, the defendant was prohibited from possessing a firearm because of prior convictions. *See id.* § 3142(g)(2).

Regarding the history and characteristics of the defendant, the Court reviewed the Pretrial Services report that summarized the defendant's residential history and family ties, his employment history and financial resources, his health, and his criminal record. The Court noted that the present offense occurred while the defendant was on supervised release for armed robbery, use of a firearm in the commission of a felony, and being a felon in possession of a firearm. The first felon-in-possession offense occurred while the defendant was out on bond for

the offense of failing to register as a gun offender, for which he was ultimately convicted. The defendant has also been convicted of second-degree assault, for which his probation was closed in an unsatisfactory status. *See id.* § 3142(g)(3).

Finally, regarding the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, the Court found that the defendant would pose a serious danger to the community if released based on his prior record, particularly for offenses involving firearms, and his poor performance on supervision. *See id.* § 3142(g)(4). Based on these findings, the Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and ordered that the defendant be detained pending trial. Given that original finding, the Court now finds that, balanced against the other BRA factors, the risk that the COVID-19 virus poses to the defendant, given his existing medical condition and current COVID-19 situation at CDF, does not rise to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

## ORDER

Accordingly, it is this 1st day of March 2021, hereby **ORDERED** that the defendant's Emergency Motion for Temporary Pretrial Release (ECF No. 32) is **DENIED**.

/s/
Thomas M. DiGirolamo
United States Magistrate Judge